UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DENNIS KELLY and STEVE SATERBO                                                    PLAINTIFFS

v.                                     Case No. 5:20-CV-05067

INDEPENDENT QUALITY FOODS, LLC                                                      DEFENDANT

## OPINION AND ORDER

Concerned that it lacks subject matter jurisdiction over this case, the Court previously entered an order (Doc. 16) directing Defendant to supplement its pending motion (Doc. 13) to amend its answer. Defendant's response (Doc. 19) includes a sworn affidavit (Doc. 19-5) from one of its two members attesting to facts sufficient to demonstrate that he and his wife (Defendant's only other member) have resided in Florida since January of 2020, and that they intended to remain there indefinitely. This makes Defendant's members Florida citizens at the time the complaint was filed. Because a limited liability company takes the citizenship of its members, Defendant was a citizen of Florida when the complaint was filed in April of 2020, and because Plaintiffs were also citizens of Florida at that time, diversity of citizenship is absent. The Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiffs plead no other basis for subject matter jurisdiction, and none is apparent, so this case must be dismissed without prejudice.

In supplementing its motion for leave to amend, defense counsel also requests fees and costs for Defendant under Federal Rule of Civil Procedure 41(d) because a prior state action was voluntarily dismissed by Plaintiffs against Defendant and this action is based on or includes claims from that action. The purpose of Rule 41(d) is to protect a defendant from duplicative expense. Had Mr. Tarvin or Mr. Fletcher made inquiry reasonable under the circumstances into their own client's citizenship, by the time they filed the original answer in August of 2020, they would have

known this Court lacked subject matter jurisdiction.  If defense counsel wanted to save Defendant the expense of duplicative litigation, they should instead have filed a motion to dismiss under Rule 12(b)(1).  Had they done more to encourage their client to accept service (Docs. 6-1, p.1; 6-3; 6-5), this issue might have been resolved far earlier, with far less expense—duplicative or otherwise—to any party.  In no sense can Defense counsel's handling of this litigation justify a discretionary award to Defendant under Rule 41(d).

    IT IS THEREFORE ORDERED that this case is DISMISSED WITHOUT PREJUDICE.  The pending motion to amend (Doc. 13) is MOOT.  Judgment will be entered separately.

    IT IS SO ORDERED this 25th day of September, 2020.

    /s/ P. K. Holmes, III
    P.K. HOLMES, III
    U.S. DISTRICT JUDGE